# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 22-1119V
UNPUBLISHED

| | |
|---|---|
| RICHARD PENDERGRAFT,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: April 19, 2024 |

*Rhonda Lorenz-Pignato*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Mary Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CLAIM[1]

On August 29, 2022, Richard Pendergraft filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome as a result of an influenza ("flu") vaccine that was administered to him on October 9, 2019. Petition at 1.

On September 14, 2023, Respondent filed his Rule 4(c) Report opposing compensation. Rule 4(c) Report at 1 (ECF No. 24). Respondent argues therein that "Petitioner's diagnosis is unclear. He never had any objective evidence of limb weakness, he did not have a monophasic illness pattern, there was no nadir of weakness, and his

---

[1] Because this unpublished ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

symptoms of numbness and tingling were waxing and waning. In addition, his EMG showed evidence of bilateral lower extremity L5 radiculopathies and upper extremity carpal tunnel syndrome and ulnar neuropathies." *Id.* at 8. In short, Respondent contends the alleged injury cannot be substantiated.

On March 8, 2024, Petitioner moved for a decision dismissing the petition, noting that "an investigation of the fact and science supporting his case has demonstrated to [P]etitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." ECF No. 26. Petitioner indicated that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him. He has been advised that such a judgment will end all of his rights in the Vaccine Program." *Id.* Petitioner noted that he "does understand that he has the right to protect his rights to file a civil action in the future. [Therefore, p]ursuant to 42 U.S.C. §300aa-21(a)(2), he reserves the right to elect to reject the Vaccine Program judgment against him and elect to file a civil action." *Id.*

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail himself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner's motion contemplates entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner requests is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because they have determined that the claim cannot succeed, or simply because they choose not to continue with the claim, but have reached that determination after the time to act under Rule 21 has passed. *See*, e.g., *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). Dismissal of petitions in this manner often occurs in the Program, and it is consistent with the rules of the Court of Federal Claims (which are properly applied herein), which permit dismissal of actions at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury."

Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

**For these reasons, Petitioner's motion is <u>GRANTED</u>. Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.